SHADBOLT v. McKEE.

(Circuit Court of Appeals, Second Circuit, March 2, 1904.)

No. 120.

1. PATENTS—INFRINGEMENT—COAL TRUCKS.

The Shadbolt patent, No. 532,216, for an improvement in coal trucks or heavy wagons, consisting in making the box deeper at the back end, with the bottom sloping toward the back, to facilitate unloading, but wider in front, to equalize the weight of the load over the two axles, is not infringed by a wagon in which the top of the box is a parallelogram, but the sides converge toward the bottom uniformly, so that the deeper portion at the back is narrower at the bottom than the front.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Appeal by defendant from a decree of the Circuit Court for the Eastern District of New York, sustaining letters patent No. 532,216, granted January 8, 1895, to the complainant for improvements in coal trucks or heavy wagons, and granting an injunction and an accounting.

Clifford E. Dunn and Jas. T. O'Neill, for appellant.
Edmond C. Brown, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The patent, though relating to wagons of all kinds, is designed more especially to cover heavy trucks, the structure being described and shown as embodied in a coal truck.

The specification states that coal trucks had been constructed, theretofore, with a body deepest at the rear end, the bottom sloping from front to rear for convenience in dumping the load and the top being substantially horizontal. This construction placed the weight very unevenly on the two axles of the truck. The object of the invention, so far as it is involved in the present controversy, is "to preserve the sloping bottom and depth at the rear of the body, and yet equalize the load more or less exactly on the two axles." This object is accom-

plished by making the body wider at the front end than at the rear end, the increase in width compensating for the decrease in depth.

The claims are as follows:

"(1) A wagon having a fixed or nontilting body which is wider at its front end than at its rear end, and tapered substantially as set forth and which is deeper at its rear than at its front end.

"(2) A wagon having a body which is deeper at its rear end than at its front end and wider at its front end than at its rear end, the bottom of the body being inclined toward the rear or tail end, substantially as described."

The only defense argued and the only one necessary to consider is that of noninfringement.

The defendant's truck differs from the old type, referred to in the patent, only in having sides which, to a slight degree, slope inwardly toward the bottom. A line drawn around the top of the body forms a perfect rectangle, but the floor is eight inches wider at the front than in the rear. In other words, the sloping sides are nearer together at the deepest part than at the shallowest part, but equidistant, front and rear, if measured on the same plane.

The defendant has not, to any appreciable extent, widened the front end of his truck. He has, because of the converging sides, decreased its width and, therefore, lessened its carrying capacity. This is equally true of the rear end. The carrying capacity is correspondingly decreased and the only tendency to equalize the load on the two axles must be attributed to the sloping sides which, to some extent, must, of course, lessen the load at the bottom of the rear end of the truck.

But even if it be admitted that the defendant's truck to some extent equalizes the load it does so by decreasing the carrying capacity of the truck instead of increasing it and by a construction distinctly different from that described in the patent.

There can be no doubt that the feature of invention which distinguishes it from the prior art is the widening of the front end of the wagon. This feature is emphasized again and again in the drawings, description and claims. Instead of being rectangular at the top the wagon of the patent is cuneiform. It is even recommended that the front end may be so broadened as to extend beyond the wheels.

The specification says:

"As the fore wheels can swing in under the body, it would be feasible so to widen the body at the front end as to make it extend out laterally over and above said wheels."

Again, in his testimony, the patentee says:

"The width of the Shadbolt truck being much greater on the front than on the rear, the top of the box is wider at the front end than it is at the back end. * * * The increased width at the front end of the truck gives a greater storage capacity at the front end."

Assuming that the defendant accomplishes a similar result in equalizing the weight, and this is by no means clear from the record, it cannot be held that he uses the means described and claimed. Instead of making his wagon body wider at the front end than at the rear, whether measured at top or bottom, he uses a body with sides beveled or flared outwardly toward the top, thus decreasing, in a slight degree, the carrying capacity of the pocket at the rear end.

128 F.—47

It appears from the testimony that wagons with sides beveled instead of vertical have existed from time immemorial. The sides of the complainant's truck body flare longitudinally towards the front, thus making a much wider space and corresponding storage room there than at the rear end. The sides of the defendant's body diverge from a vertical line, uniformly, the entire distance. It is clear, therefore, that if his truck were constructed with a flat instead of an inclined floor, the increase in carrying capacity would be equal throughout its entire length. The increase at the front would be exactly balanced by a corresponding increase at the rear. Whether the load area is made larger or smaller depends, of course, upon whether or not the flare is made by increasing or decreasing the distance between the tops of the parallel sides.

Given a wagon body with straight parallel sides; if the distance between the sides at the top remains unchanged and the flare is produced by converging the sides towards the bottom, it is obvious that the load space will be decreased; on the other hand, if the sides flare out from the bottom this space will be increased.

In order to hold that the defendant infringes we must find that his wagon is wider at the front than at the rear. Even if the complainant were entitled to equivalents we are of the opinion that the slight decrease in load space, produced by the narrowing of the sides as the depth increases towards the rear of the defendant's truck, cannot be considered as an equivalent for the wide front end which is clearly emphasized as the distinquishing feature of the patented structure.

The complainant has failed to establish infringement.

The decree of the Circuit Court is reversed with costs.